Jason Crews
1515 N Gilbert Rd Ste 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

```
☒ FILED        ☐ LODGED
☐ RECEIVED     ☐ COPY

   JAN 1 7 2024

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE DISTRICT ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Jason Crews,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Symmetry Financial Group, LLC,<br><br>Defendant. | Case No.: **CV24-00108-PHX-SMB**<br><br>Complaint for Violations of:<br><br>1.　NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>2.　WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

COMPLAINT- 1

## Preliminary Statement

1. Plaintiff Jason Crews ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. The Defendants in this action Symmetry Financial Group, LLC orchestrated placing at least two illegal telemarketing calls using an Automated Telephone Dialing System ("ATDS") to a number assigned to a cellular service which was included on the national Do-Not-Call List.

3. Plaintiff never consented to receive such messages.

## Parties

4. Plaintiff Jason Crews ("Crews") is and was a resident of Maricopa County, Arizona at all relevant times, and a resident of this District.

5. Defendant Symmetry Financial Group, LLC ("Symmetry"), incorporated in Deleware, and is in the business of selling life insurance products.

## Jurisdiction & Venue

6. The Court has federal question subject matter jurisdiction over these TCPA claims: *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

7. The Court has specific personal jurisdiction over the Defendants because they have repeatedly placed calls to Arizona residents, including the Plaintiff. Defendants purposely placed calls to Arizona residents.

8. The venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the calls to Plaintiff were placed into this District.

## The Telephone Consumer Protection Act

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted

COMPLAINT- 2

telemarketing . . . can be an intrusive invasion of privacy[.]": Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### Factual Allegations

9. Plaintiff had no prior business relationship with Defendants.

10. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

11. The phone number (602) 295-XXXX ("Cell Number") belongs to Plaintiff.

12. The Cell Number has been on the Do-Not-Call registry since March 8, 2008.

13. Despite this registration, Defendants placed the calls summarized in the following table with an Automated Telephone Dialing Systems ("ATDS").

| Date | Time | Caller ID |
| --- | --- | --- |
| 11/17/23 | 4:38 PM | (480)277-7740 |
| 12/10/23 | 12:00 PM | (480)405-1720 |

14. The Cell Number is assigned to a cellular phone used exclusively for personal residential purposes.

15. The Cell Number is not associated with a business.

Calls to Plaintiff

16. On or about November 17, 2023, at 14:38 pm, Plaintiff received a telephone call presenting caller ID (480)277-7740.

17. Plaintiff was unable to answer the call, and received a voice mail which stated

"I'm calling from the mortgage protection division here in Phoenix. I'm not a telemarketer or anything like that. But I do I am trying to update some files and I have yours on my desk. It looks like at some point in time you had requested mortgage protection insurance information for your home on Laurel Court in Gilbert. The issue is I'm not sure how old this request is, or if someone from our company was able to help you or not. So that's the reason for my call how this all got started was you received a postcard in the mail regarding your mortgage that gave a number on there for you to call and you either usually receive those once you buy a home or refinance. I'm asking us to give you a call back. So again, if you could let me know either way, I would greatly appreciate it. That way I can update my file. I'd be more than happy to get this information to you if you still needed it. Or just close out the file if you already have it or no longer interested. If you could either call me or text me at this phone number 480-227-7740. That way I can update the file accordingly and make sure either way that no one from our offices continue to bother you about this. Thanks, Jason. Have a great day.

COMPLAINT- 3

18. On or about December 10, 2023 at 12:00 pm, Plaintiff received a text message presenting caller ID (480)405-1720.

19. The message stated:
Hello! My name is Sonia Salazar and I'm from the mortgage protection division here in Phoenix. I am not a telemarketer but I am trying to clean up some old files we have and it looks like you or someone in your home requested mortgage protection insurance at some point in time. Honestly, it could have been a long time ago but I am not sure as there are no notes on your file. I am the last person to get these older files to try to figure out if clients have been helped or not. I would just need to verify the information you sent in (you received a postcard in the mail about your mortgage when you bought your home or refinanced and called the number on the postcard to get his process started) and we could set up a quick 5 minute call to do so. Lastly, mortgage protection insurance is a life insurance policy that you would own that could potentially pay off or pay down on your mortgage so your family could stay in home in the event that you passed away, became critically ill or disabled. If you're still needing this information, I would be happy to help! Please respond either way to this text so I can update your file accordingly Thank you!

20. The text message included an attachment with a photo, license number 20431560, and the contact information for Sonia Salazar identifying her employer as Defendant Symmetry.

21. Plaintiff was surprised to have received a text message from Mrs. Salazar as he had never done business with her, her employers, or responded to her prior telemarketing attempts.

22. Plaintiff believes and therefor avers that despite her statement to the contrary, Mrs. Salazar was conducting telemarketing and the true intent of her call was to sell Plaintiff a life insurance policy.

23. The Plaintiff has been harmed, injured, and damages by the calls including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, more frequent cell phone charging and reduced enjoyment of Plaintiff's cell phone.

24. On or about December 21, 2023, Plaintiff sent Mrs. Salazar an email requesting evidence of any consent in their possession evidencing Plaintiff's consent to received telemarketing calls using an ATDS, consent to telemarketing calls, a copy of

COMPLAINT- 4

Defendants' internal do not call policies, and to be placed on their internal do not call policy.

25. Mrs. Salizar did not respond to Plaintiffs request.

26. Plaintiff did not receive evidence of consent to received telemarketing calls.

27. Plaintiff believes and therefor avers that this is because no evidence of consent to receive telemarking calls exists.

28. Plaintiff did not receive a copy of Defendants' internal do not call policies.

29. Plaintiff believed and therefor avers that this is because no internal do not call policy exists.

### Defendants' Conduct Was Knowing and Willing

30. Defendants intentionally called Plaintiff multiple times in order to advertise their services to Plaintiff.

31. Defendants knew its actions were in violation of the TCPA and willfully continued his conduct.

### Claims

### Count One

32. Plaintiff incorporates the foregoing allegations as fully set forth herein.

33. Defendants called Plaintiff's private residential telephone number which was registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

34. As a result of their unlawful conduct, Defendants invaded Plaintiff's personal privacy, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(c)(3)(F) entitling him to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop his illegal calling campaign.

35. Plaintiff is entitled to an award up to $1500 in damages for each knowing and willful violations of 47 U.S.C. § 227(c)(3)(F).

36. Defendants' violations were willful and/or knowing.

COMPLAINT- 5

**Relief Sought**

WHEREFORE, Plaintiff requests the following relief:

A. Because of Defendants' violations of the TCPA, Plaintiff seeks for himself $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(c)(3).

B. Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED on this January 14, 2024.

_____
Jason Crews

COMPLAINT- 6